UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **ERIC D. SMITH,** ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | **No. 3:07cv0199 AS** |
| ) | |
| **WILLIAM K. WILSON,** ) | |
| ) | |
| Respondent. ) | |

### *MEMORANDUM, OPINION AND ORDER*

Petitioner Eric Smith, a prisoner confined at the Westville Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition establishes that the petitioner was convicted of arson on August 24, 2001, and sentenced him to twenty years imprisonment. The petitioner appealed, the Indiana Court of Appeals affirmed his conviction, and the Indiana Supreme Court denied transfer on February 20, 2003. Mr. Smith filed a petition for post-conviction relief, which the trial court denied on August 2, 2004. On February 6, 2007, Mr. Smith filed a request for leave to file a successive post-conviction relief petition with the Indiana Court of Appeals, which the Indiana courts denied.

Mr. Smith's submissions also establish that he filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Southern District of Indiana, cause number 1:06cv1352-JDT-TAB, challenging his arson conviction. (Petition at p. 13). The petitioner submits a copy of the order entered by the Honorable John Daniel Tinder on November 29, 2007, dismissing that petition with prejudice, and a copy of the Judgment entered in

1:06cv1352-JDT-TAB, dismissing that petition with prejudice. Pursuant to 28 U.S.C. § 2244(b)**:**

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

> Before a second or successive application permitted by [28 U.S.C. § 2244(b)(2) which was not presented in a prior application] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3).

The court dismissed this petition for want of jurisdiction because Mr. Smith has not obtained an order from the court of appeals permitting him to file a second or successive petition either seeking review of the issues presented in his original petition or to present issues not presented in 1:06cv1352-JDT-TAB. "A district court <u>must</u> dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original).

Mr. Smith now moves to reconsider the dismissal of his petition, stating that although the United States District Court for the Southern District dismissed his earlier petition with prejudice, the dismissal should have been without prejudice. But this court may not look beyond the adjudication made by the Southern District, and must accept the Southern District's determination that the earlier petition be dismissed with prejudice. It does not appear that Mr. Smith appealed the decision to dismiss 1:06cv1352-JDT-TAB with prejudice. In these

circumstances, Mr. Smith's appropriate remedy is to request leave from the United States Court of Appeals to file the petition for writ of habeas corpus he wishes to file in this court.

For the foregoing reasons, the court **DENIES** the petitioner's motion to reconsider the dismissal of his petition for want of jurisdiction (docket #8).

**IT IS SO ORDERED.**

**DATED**: July   5  , 2007

                                          **S/ ALLEN SHARP**
                                      **ALLEN SHARP, JUDGE**
                                      **UNITED STATES DISTRICT COURT**